Matter of Olivia J.R. (Marianette R.) (2019 NY Slip Op 00064)





Matter of Olivia J.R. (Marianette R.)


2019 NY Slip Op 00064


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8028A 8028

[*1] In re Olivia J.R., A Child Under Eighteen Years of Age, etc., Marianette R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Anne Reiniger, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 6, 2017, to the extent it brings up for review a fact-finding order of the same court and Judge entered on or about September 25, 2017, which found that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding that the child was educationally neglected by respondent is supported by a preponderance of the evidence (Family Court Act § 1012[f][i][A]). During the 2015-2016 school year, the child was absent from school 64 times and late 40 times. The child also demonstrated developmental and academic delays, performing below average in all areas, due at least in part to her poor attendance record (see Matter of Ashley S. [Rebecca S.-C.], 157 AD3d 536, 537 [1st Dept 2018]; Matter of Kyeley V. [Antoinette V.], 160 AD3d 468 [1st Dept 2018]; Matter of Jonathan M. [Gilda L.], 139 AD3d 438 [1st Dept 2016]). The child's excessive absences from school also prevented her from receiving the services prescribed to her under her Individual Education Plan.
Respondent's argument that the child was not required to attend school until the age of six is without merit (see Education Law § 3205[2][c]; New York City Dept. of Educ., Regulation of the Chancellor A-210, Standards for Attendance Programs, Abstract at 1 [Sept. 28, 2017] ["Each minor from 5 to 17 years of age in New York City is required to attend school on a full-time basis"]).
Respondent also neglected the child by leaving her with her paternal grandmother with only the clothing she was wearing, some of which was dirty, and without provisions for food or medical care (see Family Court Act § 1012[f][i][A]). Further, respondent failed to inform the grandmother, who agreed to care for the child for one day, that she planned to leave the child in the grandmother's care until the end of the school year (Matter of Nassair S.[Chareshma T.], 144 AD3d 604, 604-605 [1st Dept 2016]; Matter of Charisma D. [Sandra R.], 115 AD3d 441, 442 [1st Dept 2014]). While respondent did return on one date to drop off medical documents and clothes for the child, it appears she only did so after being contacted by petitioner agency.
Family Court providently found that respondent was unable to provide a stable home for the child, and we find no basis to disturb its determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK